UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MARTIN JAMES DEKOM, SR.,**

  Appellant,

v.                                            CASE NO. 3:20-cv-5399-MCR-MJF

**NATIONSTAR MORTGAGE LLC,**
d/b/a **MR. COOPER,**

  Appellee.
_____/

# ORDER

Through this appeal, Appellant Martin James Dekom, Sr., proceeding *pro se*, challenges numerous orders and findings of the Bankruptcy Court which resulted in the dismissal with prejudice of Dekom's Bankruptcy Petition. *See* ECF Nos. 1-7 at 1 (notice of appeal); 9 at 2–6 (corrected designation of record on appeal). The matter has been fully briefed and is ripe for a decision.[1] On full consideration, the Court affirms the Bankruptcy Court's dismissal with prejudice of Dekom's case.

---

[1] The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a). The Court has determined after examination of the parties' briefs and the record that oral argument is not needed because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bank. P. 8019(b)(3).

Page 2 of 12

**I. Background**

Dekom filed his Chapter 13 Petition in the Bankruptcy Court in January 2019. The proceeding was the latest chapter in a long-running, two-party dispute between Dekom and Appellee Nationstar Mortgage LLC ("Nationstar") arising from Nationstar's final judgment of foreclosure ("Foreclosure Judgment") on Dekom's only real property: a parcel of residential real property in New York (the "Property").[2] Dekom subsequently filed amended Chapter 13 plans, culminating with his *Chapter 13 Plan, Sixth Amended* (the "Sixth Plan"). On February 12, 2020, the Bankruptcy Court held a final evidentiary hearing to consider, among other things, confirmation of the Sixth Plan (the "February 12 Hearing"). *See* ECF No. 1-2. After the February 12 Hearing, the Bankruptcy Court entered its factual findings and conclusions of law. *See* ECF No. 1-2. First, the Bankruptcy Court found that Dekom "did not file his Petition nor is he seeking confirmation of the Sixth Plan in good faith" based on his "motivation to prolong litigation against Nationstar and perceptible insincerity in seeking Chapter 13 relief, his lack of sincere effort towards selling the Property or confirming a plan, and his lack of sincere effort towards selling the Property or confirming a plan, and his lack of bona fides in dealing with

---

[2] As described by the Bankruptcy Court, "[Dekom] and Nationstar have been embroiled in litigation over the Property and the Foreclosure Judgment since 2013." *See* ECF No. 1-2 at 2.

CASE NO. 3:20cv5399-MCR-MJF

his primary creditor, Nationstar." *See* ECF No. 1-2 at 11–21. Second, the Bankruptcy Court found that "[t]he Sixth Plan is not feasible" based on Dekom's "testimony, demeanor and actions [that] reveal that he is not motivated to sell the Property, but rather to continue his long-standing battle with Nationstar."[3] *See* ECF No. 1-2 at 21–24. Finally, the Bankruptcy Court found that a stay of relief in favor of Nationstar was warranted because Dekom "has failed to demonstrate that an effective reorganization is possible" and instead "has amply demonstrated that he has no genuine intent to reorganize his financial affairs." *See* ECF No. 1-2 at 24–27. Based on these findings of fact and conclusions of law, the Bankruptcy Court granted Nationstar's motion for relief from automatic stay, *see* ECF No. 1-4, denied confirmation of the Sixth Plan, *see* ECF No. 1–5, and dismissed the case with prejudice, *see id.*

Additionally, after the February 12 Hearing, Dekom filed a "Notice and Motion to Disqualify" the Trustee and her Staff Attorney. *See* ECF No. 15 at 139–42. In his motion, Dekom accused the Trustee's Staff Attorney of being untruthful,

---

[3] The Bankruptcy Court additionally noted that "[t]he Sixth Plan may not be confirmable due to its balloon payment provision," but found that it was "unnecessary to rule on the global issue of whether the Sixth Plan is unconfirmable because of its balloon payment provision" because the Sixth Plan did not comply with other requirements of the Bankruptcy Code. *See* ECF No. 1-2 at 24–25.

acting as co-counsel for Nationstar, conducting *ex parte* communications with the Bankruptcy Court, and asking Dekom biased questions during cross-examination. To support his accusation of *ex parte* communications, Dekom alleged that he witnessed the Staff Attorney go in and out of a door "leading to the judge's chambers" in the Pensacola courthouse before the final evidentiary hearing:

> [The Staff Attorney's] behavior at the Pensacola courthouse raises serious questions of impropriety. While waiting for the prior case to conclude, [Dekom] and his wife remained outside the courtroom. Present also were Nationstar's counsel, Elizabeth Eckhart, Nationstar's witness, Grant LaClave, and [the Staff Attorney]. Time and again, [the Staff Attorney] would confer with Eckhart and LaClave, then enter the limited access doorway next to the courtroom. Minutes later [the Staff Attorney] would emerge, and confer with them again. [The Staff Attorney] did this repeatedly. While it is unknown exactly who was behind the door leading to the judge's chambers, a reasonable person would conclude that [the Staff Attorney] was acting as a go-between for Nationstar for *ex parte* purposes.

ECF No. 15 at 141.

On April 20, 2020, The Bankruptcy Court denied Dekom's motion to disqualify the Trustee and her Staff Attorney and imposed sanctions under Fed. R. Bank. P. 9011 based on Dekom's "unfounded, offensive, vexatious, inappropriate and sanctionable" suggestion that the Staff Attorney engaged in *ex parte* communications with the Bankruptcy Court. *See* ECF No. 1-3 at 6. The Bankruptcy Court first noted that it "ha[d] warned [Dekom] that continuing his pattern of false

representations could result in sanctions, including dismissal of this case with prejudice for at least one year."[4] ECF No. 1-3 at 8. The Bankruptcy Court then explained that Dekom's accusation of *ex parte* communications "crossed the line—again" because

> there is no 'door leading to' this judge's chambers in the Pensacola courthouse readily accessible to the public; certainly no such door outside the courtroom where people gather in preparation for bankruptcy hearings. The Pensacola courthouse has only one courtroom available for use by judges, including the undersigned, in conducting bankruptcy hearings. The door leading to chambers is inside

---

[4] Previously, on December 27, 2019, the Bankruptcy Court entered an Order for Debtor to Show Cause Why: 1) He Should Not be Declared a Vexatious Litigant; 2) Fed. R. Bankr. P. 9011 Sanctions Should Not be Imposed; and 3) This Case Should Not be Dismissed with Prejudice. *See* ECF No. 14 at 143–55. In the Show Cause Order, the Bankruptcy Court, citing numerous examples of Dekom's egregious behavior, stated that "[t]he record is replete with [Dekom's] disdain and disrespect for this Court and the judicial process." *See id.* at 152. The Bankruptcy Court further stated that

> Since the Court granted Debtor's counsel leave to withdraw from the Chapter 13 case, Debtor has operated in disbelief of and disregard for the sanctity and propriety of court proceedings. In the myriad papers he has filed to date he has exhibited disrespectful conduct before this Court. By including his own deadlines for others to respond to his papers, he has acted as if he himself were a court and/or judge of his own court or of this Court. By filing numerous papers asserting and reasserting unsupportable claims and objections, some of which pertain to issues already adjudicated by the New York State courts, he has unnecessarily and frivolously multiplied the proceedings before this Court.
> . . .
> Sanctions this Court is considering include: . . . dismissing this case with prejudice against refiling in any court and under any chapter of the Bankruptcy Court for a period of at least one (1) year.
> . . .
> *Debtor is on notice that all conduct outlined in this Order constitutes grounds for potential Rule 9011 sanctions.*

*Id.* at 143–44, 149 (emphasis added).

CASE NO. 3:20cv5399-MCR-MJF

Page 6 of 12

> the courtroom and has limited access by the judge, authorized staff and Court Security Officers. A reasonable inquiry would have shown that it would be utterly impossible for [the Staff Attorney], or any attorney, to reach the undersigned's chambers from 'a doorway next to' the Pensacola courtroom.

ECF No. 1-3 at 7–8.

The Bankruptcy Court therefore found that Dekom failed to conduct a reasonable inquiry into the factual basis supporting his motion and "had absolutely no evidence to support [his] allegations." *See* ECF No. 1-3 at 9–10. Based on its findings, the Bankruptcy Court concluded that "it is beyond dispute that [Dekom's] Motion violates the 'bad faith/improper' prong of Rule 9011. Accordingly, "[p]ursuant to Fed. R. Bank. P. 9011(c) and in addition to the dismissal of this case for cause pursuant to 11 U.S.C. §§ 105, 349," the Bankruptcy Court dismissed Dekom's case with prejudice and prohibited Dekom from filing another case under any chapter of the Bankruptcy Code for a period of one year in any court in the United States.[5] *See* ECF No. 1-3 at 13.

---

[5] The Bankruptcy Court found that the "safe harbor" requirement of Fed. R. Bankr. P. 9011(c)(1)(A) had been satisfied because the Order to Show Cause entered on December 17, 2019, provided Dekom with more than twenty-one days' notice that the Bankruptcy Court would consider sanctions, including dismissal of his case with prejudice, if he were to continue filing inappropriate documents. *See* ECF No. 1-3 at 11–12.

The Bankruptcy Court subsequently overruled Dekom's objections to its rulings, *see* ECF No. 1-6, and awarded the Trustee a $600.00 administrative fee. *See* ECF No. 15 at 429.

Dekom now appeals the dismissal of his case, "including relevant orders and findings." *See* Appellant's Br. [ECF No. 19] at 4.

## II. Standard of Review

In deciding a bankruptcy appeal, the Court applies the same standards as a court of appeals, reviewing the legal conclusions of the Bankruptcy Court *de novo*, its findings of fact for clear error, and its imposition of sanctions for an abuse of discretion. *See In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1315 (11th Cir. 2016); *In re FFS Data, Inc.*, 776 F.3d 1299, 1303 (11th Cir. 2015). "A lower court's decision to impose sanctions will be affirmed unless the court "made a clear error of judgment, or has applied the wrong legal standard." *In re Ocean Warrior*, 835 F.3d at 1315 (citation omitted). "A district court may affirm a bankruptcy court order on 'any ground supported by the record.' " *Martin v. Martin*, 618 B.R. 326, 330 (S.D. Fla. 2020) (quoting *In re Gosman*, 382 B.R. 826, 839 n.3 (S.D. Fla. 2007)); *see In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) ("A correct judgment may be affirmed on any ground regardless of the grounds addressed, adopted or rejected by the district court.").

**III. Discussion**

The Bankruptcy Court did not abuse its discretion when it dismissed Dekom's case with prejudice and imposed a one-year injunction against refiling under any chapter of the Bankruptcy Code pursuant to Rule 9011, 11 U.S.C. §§ 105, 349, and its inherent authority.[6] "Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995). Rule 9011 "permits sanctions only if the objectionable court paper is signed in violation of the rule." *Id.* "Accordingly, the court's inquiry should only focus on the merits of the pleading gleaned from the facts and law known or available to the attorney *at the time of filing*." *Id.* (citation omitted). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.* (citation omitted). Thus, the court "must first determine whether the party's claim is objectively frivolous, in view of the law or facts, and then, if it is, whether the person signing the document should have been aware that

---

[6] Because the Court may affirm "on any ground supported by the record," *see Martin*, 618 B.R. at 330, the Court need not reach the issue of whether the Bankruptcy Court erred in its denial of confirmation of the Sixth Plan and its dismissal of Dekom's claim with prejudice based on its findings from the February 12 Hearing.

it was frivolous." *Id.* at 1573. If the signer of the document "has failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the [signer] had a good faith belief that the claim was sound." *Id.*

The Bankruptcy Court also has inherent authority to impose sanctions on parties. *See In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). "To impose sanctions under these inherent powers, the court first must find bad faith," which "is warranted where an attorney knowingly or recklessly raises a frivolous argument." *Id.* "Sanctions are 'especially appropriate where counsel takes frivolous legal positions supported by scandalous accusations.' " *Id.*; *see In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1273–74 (11th Cir. 2009) ("If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith."). "Further, continually advancing groundless and patently frivolous litigation' is 'tantamount to bad faith.' " *In re Evergreen*, 570 F.3d at 1274 (citation omitted).

Importantly, a *pro se* litigant "is subject to the relevant law and rules of court," including the Federal Rules of Bankruptcy Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). "These rules provide for

sanctions for misconduct and for failure to comply with court orders." *Moon*, 863 F.2d at 837.

The Bankruptcy Court did not err in finding that Dekom's litigation conduct, and in particular his scandalous and objectively frivolous allegation of *ex parte* communications, demonstrated bad faith and was therefore sanctionable.[7] *See In re Evergreen*, 570 F.3d at 1275 ("[T]he bankruptcy court did not err in finding that [an attorney's] overzealous litigation tactics, use of factual inaccuracies, and disrespectful behavior demonstrate bad faith."). Dekom failed to conduct a reasonable inquiry before making allegations of *ex parte* communications and was extremely difficult to deal with and disrespectful to the Bankruptcy Court. *See id.* at 1275–77 (finding an attorney engaged in bad faith where the attorney "indulged in disrespectful statements without legal or factual foundation," including accusing the bankruptcy court of engaging in *ex parte* communications, and "treated the court as an adversary and continually made inflammatory statements"). The Court affirms the Bankruptcy Court's determination that Dekom's allegation of *ex parte* communications was objectively frivolous in view of the facts and that Dekom, as

---

[7] The Bankruptcy Court also correctly determined that its December 17, 2019 Order to Show Cause satisfied Fed. R. Bankr. P. 9011(c)(1)(A)'s "safe harbor" requirement.

CASE NO. 3:20cv5399-MCR-MJF

the person signing the motion, should have been aware that it was frivolous.[8] *In re Mroz*, 65 F.3d at 1573.

Because the Court affirms the dismissal of Dekom's case, his "additional challenges to the [B]ankruptcy [C]ourt's administration of [his] case are now moot." *See In re Kunsman*, 752 F. App'x 938, 941 (11th Cir. 2018) (citing *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015)).[9]

---

[8] The Bankruptcy Court noted that Dekom's "outrageous allegations . . . are in keeping with his *modus operandi*" in both this case and in other cases "when things did not go as [Dekom] would like." *See* ECF No. 1-3 at 8 n.16 (collecting examples). Unfortunately, Dekom has continued to utilize the same tactics before this Court. *See, e.g.*, Appellant's Br. at 4 (accusing the Bankruptcy Court of " '[p]laying goalie' for the Trustee"), 23 (describing the Bankruptcy Court's orders as being "like an angry teen's screed" and stating that the Bankruptcy Court "has ceded too much control to young clerks"). Indeed, Dekom has continued this behavior before the Eleventh Circuit. *See* Appellant's Br. At 7–8, Dekom v. Nationstar Mortgage LLC, No. 20-13985, (11th Cir. Nov. 25, 2020) (accusing this Court of "outsourcing adjudication to underlings who treat [*pro se*] cases as 'backlog' to be 'flushed.' . . . produc[ing] warped results which favor the large firms and institutions which offer career advancement to those same junior players").

[9] In a prior Order, the Court stayed the deadline for Dekom to file his reply briefs to Nationstar's and the Trustee's briefs pending resolution of Dekom's "Motion to Correct Record and Extension of Time." *See* ECF No. 38. As that motion is now moot, the Court finds that reply briefs are unnecessary. A reply brief would not change the outcome of the Court's analysis, and the Court is unaware of any authority "that requires a court to 'require more briefing on a motion that has no chance of success.' " *See CalMat Co. v. Oldcastle Precast, Inc.*, No. 16-26, 2018 WL 3025053, at *2 (D.N.M. June 21, 2018) (quoting *Ibeagwa v. I.R.S.*, No. 14-cv-369, 2015 WL 3791538, at *1 (W.D. Wis. June 18, 2015)); *cf. United States v. Cooper*, 680 F. App'x 844, 848 n.3 (11th Cir. 2017) (holding under Fed. R. Crim. P. 52(a), a criminal rule analogous to Fed. R. Civ. P. 61, that the district court's ruling on a motion before receiving a reply was harmless error not affecting substantial rights because the defendant did not show that a reply "would have changed the outcome").

Accordingly,

1. The Bankruptcy Court's April 20, 2020 Order dismissing Dekom's case pursuant to Fed. R. Bankr. P. 9011(c) and for cause pursuant to 11 U.S.C. §§ 105, 349, ECF No. 1-3, is **AFFIRMED**.

2. Dekom's remaining challenges to the Bankruptcy Court's administration of his case are **DISMISSED as moot**.

3. All pending motions, including Dekom's Motion to Correct Record and Motion to Strike, ECF Nos. 33 & 39, are **DENIED as moot**.

4. The Clerk is directed to close the case.

    **DONE AND ORDERED** this 20th day of March 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:20cv5399-MCR-MJF